## JOHN LARGY *versus* PATRICK HOLLAND
### March 29, 1842.

D. Goodwin & Collins, attorney for plaintiff in certiorari.

J. A. Van Dyke & E. B. Harrington, attorneys for defendant in certiorari.

[INDORSEMENT]

Largy
vs
Holland

Sup Court: 1st Circuit
Jany term 1842.

Opinion of Court
by Whipple Justice.

Goodwin for Plff in Error
Van Dyke & Harrington for
Deft.—

[OPINION]

John Largy, plff in Error, vs Patrick Holland, deft in Error. } upon Certiorari to Wayne Circuit.

Sup Court 1st Circuit Jany term 1842.

From the return made to the Certiorari in this cause, it appears that the parties on the 15 day of Sept 1840, "agreed to submit, the demand, a Statement whereof was annexed to the agreement, to the determination of David Thompson, Edwin Jerome, & Joseph H. Steele, the award of whom, or the greater part of whom, being made & reported within one year from this day to the Court Court of the County of Wayne, the judgm. thereon should be final &c"": this agreement was acknowledged pursuant to the statute, before a competent officer: the statement of the demand of Holland against Largy, is in the following words "On or about the 17th day of June 1839, John Largy purchased of Patrick Holland certain land in Livingston County described as the S E ¼ & S W frac¹ ¼ of the 28 town 2 N R 4 E being 251 81/100 acres; which land the said Holland has conveyed to Largy: The said Largy has paid Holland $100 on the purchase: the matter now in dispute is how much, if anything more; the said Largy ought to pay said Holland as a just & full consideration for said land." An award was made by the arbitrators in favor of Holland for the sum of $604: upon which judgment was rendered in the Circuit Court: To reverse this judgment a certiorari was sued out of this court by Largy.

Various grounds have been urged by the plff in Error why the judgm. below should be reversed: I shall consider them in the order in which they are set forth in the Plff's brief:

1: The award was not returned to the Court either by the arbitrators or under seal: Endorsed upon the award is the following memorandum made by the Clerk of the Circuit Court: "I do hereby certify that the within award was transmitted to the Court & remained sealed until opened by me in open Court on the 12 November 1840." The 7 Sec. of chapter 7 part 3 title IV of R. S provides that *"the award shall be delivered by one of the arbitrators to the Court designated in the agreement, or shall be enclosed and sealed by them, & transmitted to the Court & shall remain sealed until opened by the Clerk"* It is contended by the plff that in as much as the award was returned to the OFFICE OF THE CLERK & FILED UPON A DAY OUT OF TERM, and not TO THE COURT by whom the same *should be opened,* that the return was void, as being against the provisions of the 7th & 10th of the chapter ref$^d$ to: It will be perceived that the 7th Section contemplates two modes by which an award may be returned; and if the return made by the arbitrators in this case is to be sustained it must be under the 2$^d$ clause of the 7th Sec: was then 1$^{ly}$ the award enclosed & sealed by the arbitrators; 2, was it transmitted to the Court; & 3$^{ly}$ did it remain sealed until opened by the Clerk: The certificate of the Clerk endorsed on the award appears to me to be conclusive with respect to the 1st & 3rd requisitions of the statute: that the 2$^d$ requirement was complied with is equally conclusive from a further endorsement on the award, which is in the following words: "To the Circuit Court for the County of Wayne" "Detroit" "award of arbitration." But it is insisted that the statute evidently contemplates that the return should be made to the *Court in term,* & *by the Court opened:* it would certainly be competent under the provisions of the 10th Sec. of the same chapter for arbitrators thus to return & for the Court thus to open the award, but it does

not necessarily follow, that a return made in the manner pointed out by the 7 Sec. is nugatory: The language of the 7th Sec. is *imperative*, that of the 10th *permissive*, "The award *may* be returned at any term or session of the Court, that shall be held within the time limited in the submission" &°.

With respect to the objection that even under the 7 Sec. the award should be transmitted to the Court *in term*, I have only to remark, that in my opinion the language of that Sec does not justify such a construction: I regard a transmission of the award, enclosed & sealed, to the Clerk of the Court, as a transmission to the Court, and the fact that the award is to remain sealed until that seal is broken by the CLERK, indicates with sufficient certainty that the return may be made as well in vacation as during the term of the Court, for if the return was required to be made in term, it is probable that the language of the 7th Section would have been different, by containing an *express* provision to that effect, or directing that the COURT should break the seal: I might have stated that this construction was adopted by this Court at the last term in the case of the Black River Steam Mill Co vs Chadwick when the question was fully considered & decided.

2$^{ly}$ another objection to the award is that Largy had no notice of the proceedings of the arbitrators; & that if notice was given it should appear, affirmatively, on the face of the award. The 5th Section of the Chapter already adverted to, contemplates notice to the parties to appear before the arbitrators: and altho' the language of the Section is does not contain an express direction to that effect, yet, a reasonable construction justifies the conclusion that notice in all cases is required to be given: indeed this would be the dictate of common justice, which will not justify a proceeding of this character, in which important interests are at stake, without

notice to the parties immediately concerned: was there notice given to Largy? to ascertaine this fact we must resort to the affidavits which were filed in the Circuit Court, copies of which have been returned to this Court as part of the proceedings in the cause: The affidavit of Largy sets forth "that he had no notice of the time & place appointed for the meeting of the arbitrators, & that he had no opportunity of being heard by them nor of producing his witnesses on the investigation" &ᶜ. If this was the only testimony upon this point, the award could not be sustained; but the affidavits of Daniel Thompson, one of the arbitrators, & of one Thomas Gallagher, while they do not deny the facts stated by Largy, give such a version to this part of this cause, as are sufficient, in my view, to render notice unnecessary: They both state, "that both parties appeared before the arbitrators, & agreed they might, instead of giving notice, and hearing evidence respecting the matter submitted, go upon the lands & premises mentioned in the demand annexed to the agreement of submission, & from a personal view & examination make the award." But it is urged by the Counsel for the plff in Error, that the award is void, upon its face, for the reason 1st that it does not there appear that notice &ᶜ was given: & 2ˡʸ admitting the facts to be as is stated in the affidavits of Thompson & Gallagher they cannot avail, inasmuch as if true, they shew a *new* agreement between the parties, taking it out of the statute, & in that case the award could only be enforced by an action at law. It has been the policy of the law to sustain the adjudications of tribunals erected & chosen by the parties themselves. The award of arbitrators are always liberally & favorably construed, & every reasonable intendment will be made to support them: And there is reason in the rule: The submission to arbitrators is the voluntary Act of the parties—, the arbitrators are agreed upon by them—They are the

judges of their own choice, which implies great confidence not only as respects their judgment but fairness & disinterestedness: It is a mode of adjusting differences which has always been encouraged, as it prevents protracted litigation, & the great expense which necessarily follows: with these general rules in view, I think it a fair & reasonable to intend that notice was given to the parties: & in this opinion I am sustained by the whole current of American Authorities: The reasoning of the Court in the case of Lutz vs Linthicum in the 8th Peters 165, and in case of Ackley vs Finch, 7 Cowen 290 is strongly in point; in the latter case the Supreme Court of N. Y. assert, (with respect to an objection to an award that it did not appear whether all the arbitrators heard the cause, or only two, a fact necessary to be determined) "that no case could be adduced shewing the necessity of this fact appearing on the face of the award itself." And in the case first cited the Supreme Court of the United States, say: "Without question due notice should be given to the parties of the time & place, for hearing the cause, & if the award was made without such notice, it ought, on the plainest principles of justice to be set aside: *But it is by no means necessary that it should appear on the face of the award that such notice was given.*"

I am next to consider whether the first agreement to refer was annulled by the subsequent assent of both parties, that instead of receiving evidence touching the matters in controversy, the arbitrators should by a personal view of the premises determine its value, and make their award without any further hearing: without an assent, expressed, or implied it is certain that the arbitrators were confined in the examination of the case to legal evidence, but it was certainly competent for the parties to prescribe another rule for attaining the same end: they did not make a new agreement, but

*simply* agreed upon the means of giving effect to the existing one: It was simply saying to the arbitrators, that they repose more or at least as much confidence in their judgment touching the value of the premises, after they should have viewed it, as they would in the testimony of witnesses who could have no better means of forming an opinion: This objection, then, to the award cannot be sustained:

With regard to the other objections, of a more formal & technical character, it is only necessary to say, that this Court cannot, for the alledged irregularity in receiving the affidavits as stated in the Exceptions, reverse the judgment below: whether they should have been received or not was a matter which rested in the discretion of the Circuit Court:

The other objections, if of any force, can be remedied, by the necessary amendments: they are of too technical a nature to authorize this Court to interfere with the judgment—

Judgm-affirmed